IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WILLIAMS-ANTI, | : | |
| Petitioner | : | No. 1:25-cv-00698 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN GREENE, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Currently before the Court are pro se Petitioner Paul Williams-Anti ("Petitioner")'s application for leave to proceed in forma pauperis ("IFP Application"), petition for a writ of habeas corpus under 28 U.S.C. § 2241, and motion to stay future immigration proceedings. For the reasons set forth below, the Court will grant the IFP Application, dismiss the habeas petition without prejudice for lack of subject-matter jurisdiction, and deny as moot the motion to stay.

**I.   BACKGROUND**

On June 11, 2024, the Honorable William M. Conley of the United States District Court for the Western District of Wisconsin sentenced pro se Petitioner Paul Williams-Anti ("Petitioner") to seventy-two (72) months' imprisonment to be followed by three (3) years' supervised release, after Petitioner pleaded guilty to one (1) count of money laundering (18 U.S.C. § 1956(h)) on March 14, 2024. See United States v. Williams-Anti, No. 3:22-cr-00022-1 (W.D. Wis. filed Feb. 27, 2023), ECF Nos. 29, 44, 46, 51.[1] On June 21, 2024, Petitioner filed an appeal from his judgment of sentence to the United States Court of Appeal for the Seventh

---

[1] Although Petitioner's judgment of sentence was not entered until June 11, 2024, his sentencing hearing occurred on June 7, 2024.

Circuit.  See id., ECF No. 47.  This appeal remains pending before the Seventh Circuit.[2]  Petitioner is currently incarcerated at Federal Correctional Institution Allenwood Low, which is located within the confines of this District.  See 28 U.S.C. § 118(b).

On July 24, 2024, the Department of Homeland Security ("DHS") placed an immigration detainer on Petitioner.  (Doc. Nos. 1 at 2; 1-1 at 1.)  Petitioner unsuccessfully challenged the placement of this immigration detainer through the Federal Bureau of Prisons' administrative remedy system.  (Doc. Nos. 1 at 2–3; 1-2 at 1; 1-5 at 1.)  He then filed an IFP Application along with a Section 2241 petition in this Court on April 15, 2025.[3]  (Doc. Nos. 1, 2.)  In his petition, Petitioner seeks an order lifting the immigration detainer and staying any future immigration proceedings while his appeal remains pending in the Seventh Circuit.  (Doc. No. 1 at 6, 7.)  Petitioner has also filed a motion to have the court "[s]tay or [h]old in abeyance the Court's final resolution to Petitioner's [i]mmigration findings of an Immigration Detainer . . . and any [i]mmigration proceedings that may be placed upon [him]" until the resolution of his appeal with the Seventh Circuit.  (Doc. No. 3.)

---

[2] The Seventh Circuit heard oral argument in the case and took it under advisement on April 23, 2025.  See United States v. Williams-Anti, No. 24-2064 (7th Cir. filed June 21, 2024), ECF Nos. 26, 27.

[3] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  In this case, Petitioner submitted a declaration indicating that he placed his petition in the inmate mail system on April 15, 2025 (Doc. No. 1 at 8.)  As such, even though the Clerk of Court did not docket the petition until April 21, 2025, the Court uses April 15, 2025, as the petition's filing date.

II.    **LEGAL STANDARDS**

    A.    **Applications for Leave to Proceed <u>in Forma Pauperis</u>**

Under 28 U.S.C. § 1915(a)(1), the Court may allow a habeas petitioner to commence a civil case "without prepayment of fees or security therefor," if the petitioner "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[4] See id. This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris, 293 F. App'x at 131–32 (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct. Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and provide themselves with the necessities of life. See, e.g., Rewolinski v. Morgan, 896 F. Supp.

---

[4] "The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners." See Douris v. Middletown Twp., 293 F. App'x 130, 132 n.1 (3d Cir. 2008) (unpublished).

3

879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

      **B.**    **Screening of Habeas Petitions**

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See R. 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Rule 4 may be applied in habeas cases brought under Section 2241. See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

      **C.**    **Section 2241 Habeas Petitions**

Section 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. See Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001). Thus, a habeas petition under Section 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement," see

4

Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of their confinement.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241–42 (3d Cir. 2005).  Further, the Court must look to the remedy requested by the petitioner to determine if they are seeking relief available in a habeas petition.  "When a petitioner seeks immediate release from custody, the 'sole federal remedy' lies in habeas corpus."  Camacho Lopez v. Lowe, 452 F. Supp. 3d 150, 158 (M.D. Pa. 2020) (quoting Preiser, 411 U.S. at 500).

### III.  DISCUSSION

#### A.  The IFP Application

After reviewing the IFP Application as well as Petitioner's certified prison trust fund account statement (Doc. No. 6), it appears that Petitioner is unable to pre-pay the costs of this habeas action.  Therefore, the Court will grant the IFP Application and allow him to proceed in forma pauperis in this action.

#### B.  The Section 2241 Habeas Petition

Initially, the Court notes that Petitioner is not attacking his underlying conviction or sentence in this Section 2241 petition; instead, he is challenging only his immigration detainer and any possible future immigration proceedings against him. (Doc. No. 1 at 2–7.) Because Petitioner is challenging his immigration detainer and is not incarcerated solely due to that detainer, the Court lacks subject-matter jurisdiction over his Section 2241 petition because he does not satisfy the "in custody" jurisdictional requirement for Section 2241 habeas petitions.

Under Section 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [they are] in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3).  This Court only has subject-matter jurisdiction under Section 2241(c)(3) if both the "in custody" and "in violation of the Constitution or laws or treaties of the

United States" requirements are satisfied. See Maleng v. Cook, 490 U.S. 488, 490 (1989); see also Kumarasamy v. Att'y Gen. of U.S., 453 F.3d 169, 172 (3d Cir. 2006) ("For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency."). "Custody is measured as of the time that the petition was filed." Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (unpublished).

"The term 'custody' extends beyond physical confinement, and encompasses other significant restraints on . . . liberty that are not shared by the public generally." Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotation marks and citation omitted). Thus, "[a]n individual need not be incarcerated to be considered in custody for purposes of § 2241." See Kumarasamy, 453 F.3d at 172 (citing Jones v. Cunningham, 371 U.S. 236 (1963) and Jordan v. Att'y Gen. of U.S., 424 F.3d 320, 325 n.6 (3d Cir. 2005)). Nevertheless, "a prisoner who is serving a criminal sentence is not in [DHS] custody simply because [DHS] has lodged a detainer against [them] with the prison where [they are] incarcerated." See Adams v. Apker, 148 F. App'x 93, 95 (3d Cir. 2005) (unpublished). In other words, "[t]he mere filing of a detainer is insufficient to establish that an alien who is detained pursuant to a criminal conviction is 'in custody' for purposes of the habeas statute." See Korac v. Warden Fairton FCI, 814 F. App'x 722, 723 (3d Cir. 2020) (unpublished) (citing Zolicoffer v. U.S. Dep't of Just., 315 F.3d 538, 540–41 (5th Cir. 2003)). If, however, the petitioner is "subject to a final deportation order," they would be "in custody for § 2241 purposes." See Kolkevich v. Att'y Gen. of U.S., 501 F.3d 323, 334 n.6 (3d Cir. 2007), abrogated on other grounds by Inestroza-Tosta v. Att'y Gen., 105 F.4th 499 (3d Cir. 2024); see also Kumarasamy, 453 F.3d at 172–73 ("In the immigration context, several of our sister circuits have held that an individual subject to a final deportation

order issued by the INS or its successor agency is in custody for § 2241 purposes." (citations omitted)).

Here, Petitioner does not allege that he is subject to a final deportation order.  (Doc. No. 1 at 2–7.)  In addition, the immigration detainer he attaches to his petition does not indicate that a final order of removal has been entered against him.  (Doc. No. 1-1 at 1.)  As such, he is not "in custody" for purposes of Section 2241.  See Henry, 317 F. App'x at 179 (determining that district court properly dismissed complaint filed by a person incarcerated pursuant to a federal criminal sentence, interpreting complaint as a habeas petition challenging a detainer lodged against a petitioner serving a federal criminal sentence, and concluding that petitioner was not "in custody" for purposes of Section 2241 because he "failed to demonstrate that he was being held pursuant to the detainer, that he was subject to a final order of removal, or even that removal proceedings had been initiated").  Consequently, this Court lacks jurisdiction to consider Petitioner's Section 2241 petition challenging his detainer and seeking a stay of any future immigration proceedings.[5]  See, e.g., LaFond v. Custodian of FCI-Loretto, No. 19-cv-00046, 2022 WL 22694124, at *1 (W.D. Pa. Mar. 29, 2022) ("Petitioner is not 'in custody' for § 2241 purposes because he is in federal custody pursuant to his federal criminal conviction, not the immigration detainer, and therefore dismissal is warranted for lack of jurisdiction."); Lawrence v. United States, No. 21-cv-02007, 2022 WL 468044, at *2 (M.D. Pa. Feb. 15, 2022) (dismissing Section 2254 habeas petition filed by state prisoner serving life sentence without the possibility

---

[5] The Court also has the authority and obligation to examine subject-matter jurisdiction sua sponte. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Grp. Against Smog and Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").

7

of parole who challenged immigration detainer because he was not "in custody" insofar as "the ICE detainer [was] not the basis for his . . . confinement" at the time he filed the petition); Perez-Guerrero v. Huges, No. 18-cv-01165, 2018 WL 678242, at *2 (D.N.J. Feb. 2, 2018) (dismissing Section 2241 habeas petition by prisoner serving state sentence because prisoner was "challenging his immigration hold/detainer—not a removal proceeding or a final order of removal"). Accordingly, the Court will dismiss the petition without prejudice for lack of subject-matter jurisdiction and deny as moot Petitioner's motion to stay.

## IV. CONCLUSION

For the reasons stated above, the Court will grant the IFP Application, dismiss without prejudice Petitioner's Section 2241 habeas petition, and deny as moot his motion to stay. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania